[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: June 7, 1999 Date of Application: June 7, 1999 Date Application Filed: July 1, 1999 Date of Decision: November 27, 2001
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford.
Docket No. CR 95-477321
Thomas Farver, Defense Counsel, for Petitioner. CT Page 17263
Victor Carlucci, Jr., Assistant State's Attorney, for the State.
Sentence Affirmed.
 BY THE DIVISION:
After an evidentiary hearing the petitioner was found to be in violation of probation, whereupon the suspended sentence often years was revoked and he was sentenced to the full ten year unexecuted sentence.
Chambers was originally sentenced on November 22, 1995 to a sentence of ten years, execution suspended with probation for three years. (He had pleaded guilty to assault, 1st degree).
On June 19, 1998, he was arrested for violating his probation, the allegations being a kidnapping and sexual assault which took place on January 10, 1998.
At the violation of probation hearing, the victim testified to the events of January 10, 1998 as follows:
 At approximately 7:20 p.m., K was walking on Albany Avenue in Hartford to pick up dinner for herself and her mother as she passed the defendant at a pay telephone. She recognized the defendant from the neighborhood, specifically, from a local club where he had attempted to dance with her the previous night. The defendant initiated a conversation with K and offered to drive her to the restaurant. K agreed and entered the passenger side of the defendant's car. She testified that the defendant then drove several blocks in the opposite direction of the restaurant before stopping in a residential area on Hebron Street.
 K testified that the defendant then made unwelcome advances and started rubbing her legs. K testified that she told him to stop, but that the defendant did not. He then reclined her seat. K testified that she told him to stop, but that the defendant continued. He then began pulling up her dress, and she told him to stop. The defendant did not. He then climbed on top of her and told her that she would be his "bitch." K CT Page 17264 testified that she told the defendant to get off of her. Still, the defendant did not relent.
 While on top of K, the defendant asked her if she had stabbed his friend Adrian Young. K testified that she told the defendant that she had stabbed Young. The defendant then pulled her panties to the side and penetrated her with his penis. According to K's testimony, the assault lasted around ten minutes, during which she cried, repeatedly insisted that he get off of her, moved her head from side to side, tried to pull him off her and even told him that she had AIDS, hoping that that proclamation would make him stop. The cries, the pleas and the threat of HIV infection did not deter the defendant. K's efforts to push him off of her also proved unsuccessful given the defendant's superior physical size and strength. According to K's testimony, the defendant continued the sexual assault.
 K testified further that the defendant eventually stopped after some ten minutes and then ordered her into the back seat to retrieve a pair of clean boxer shorts. She did as he demanded and he threw his soiled boxers in her face, telling her to keep them as a souvenir. She threw the boxers back at him and fixed her clothing. The defendant then drove back to the restaurant where K had been heading and dropped her off. K purchased dinner and returned home. Upon her return, she did not eat and climbed into the bathtub and cried. K's mother tried to coax her out of the bathroom and eventually summoned the police. Two uniformed officers arrived at the house, and K informed them of the assault. They then asked her for the dress that she had worn and transported her to the hospital for medical attention. K gave a statement to the police that was consistent with her testimony at the violation of probation hearing.
The petitioner provided contradictory testimony, stated that the victim initiated the sexual encounter and that they had consensual sex. The court credited the victim's testimony. (See State v. Chambers,61 Conn. App. 790 (2001).
In asking for a modification, petitioner's counsel argues that the criminal charges arising out the events of January 10, 1998 were later CT Page 17265 disposed of with a Nolo Contendere plea to a charge of unlawful restraint, 2nd degree with a thirty day sentence. His argument is that the petitioner is being unfairly punished since he was never convicted of the offense which resulted in the probation violation.
The short answer is, of course, the lesser burden of proof makes that possible, Payne v. Robinson, 207 Conn. 565 (1988). Further, it is speculative to argue that the state opted not to pursue the underlying charge because it had a weak case. As the Appellate Court pointed out inChambers, supra, at p. 790, there are other valid considerations which could logically impact that decision.
The sentencing Court pointed out the petitioner had some fourteen convictions, five felonies, some involving firearms, and he was, of course, on probation for a serious assault.
In short, neither the original sentence nor the imposition of the entire unexecuted sentence was inappropriate or disproportionate when reviewed pursuant to the criteria of Practice Book § 43-28.
The sentence is affirmed.
Klaczak, Norko and Miano, J.s, participated in this decision.